(No. 74-CV-71—)

JOAN M. PRICE, on behalf of RICHARD J. PRICE, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 20, 1975.*

JOAN M. PRICE, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on November 29, 1973, at 3158 N. Clark, Cook County, Chicago, Illinois. Joan M. Price, wife of the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71, et seq.* (hereafter referred to as "*the Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant's deceased husband, Richard J. Price, age 40, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Murder", (*Ill.Rev.Stat., 1973, Ch. 38, Sec. 9-1*).

2. That on November 29, 1973, claimant's husband was shot in the head during a robbery of Stahl's Auto Supply, 3158 N. Clark Street, Chicago, Illinois, where he was employed as store manager.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the decedent for the attack upon him.

4. That the victim died on December 5, 1973, as result of the injuries he received in the shooting of November 29, 1973. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailants, Sylvester Buckner and Charles Taylor, were indicted in Cook County on charges of murder.

6. That the victim and his assailants were not related nor sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the claimant seeks compensation under the Act for loss of support to herself and one child, Joan Marie Price, age 16.

9. That at the time of Richard Price's death, he was 40 years old and had a life expectancy to age 73 according to actuarial tables. Therefore, we must conclude that the decedent's family lost his financial support for the remainder of his normal life expectancy, computed to be 33 years.

10. That the victim's average monthly earnings for the 6 months immediately preceding his death were $676.08, but earnings of only $500 per month can be considered as the basis for determining loss of support, pursuant to the following provision in Sec. 4 of the Act:

". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

11. That, based on the victim's normal life expectancy of 33 years, and taking $500 per month as his average earnings, the loss of support to his family is computed to be an amount far in excess of the $10,000 maximum amount that can be awarded as compensation under the Act for any loss resulting from a violent crime.

12. That in addition to loss of support, the claimant incurred funeral expenses for the victim which were not covered by insurance benefits, and the gross amount of the pecuniary loss for these items is as follows:

Funeral ........................................ $755.00

13. That, in determining the amount of compensa-

tion to which an applicant is entitled, Sec. 7(d) of the Act states that this court—

"shall deduct $200. . ."

We interpret this provision to mean that the deduction of $200, shall be deducted from the total loss sustained and not from the $10,000 maximum amount payable under the Act.

14. That the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in Secs. 11 and 12, leaves the amount of the actual loss sustained by the claimant and her child far in excess of the $10,000 maximum amount that can be awarded under the Act for any loss resulting from a violent crime. Hence, the claimant and her child are entitled to an award in the maximum amount payable under the Act, $10,000.

The Court takes notice of the fact that the child of the deceased victim, who is named in Sec. 8 of this opinion, was also dependent on Richard Price as was his surviving spouse, Joan M. Price, the claimant, and the mother of decedent's said minor child, who is under age 18.

Under these circumstances the Court is required to interpret and comply with the following language of the Act found in Sec. 8(b):

"(b) If the Court of Claims finds, in the case of an application made by a person dependent for (her) support on a deceased victim, that persons other than the applicant were also dependent on that victim for their support, it (the Court) shall also (1) name those persons in its order; (2) state the percentage share of the total compensation award and the dollar amount to which each is entitled, and (3) order that those amounts be paid to those persons directly or, in the case of a minor or incompetent, to his (her) guardian or conservator, as the case may be."

To comply strictly with the above legislative directive, it would seem appropriate and reasonable to order

the distribution of the $10,000 award in accordance with the rule of distribution stated in *Sec. 11(1) of the Probate Act.* This rule would allow one-third ($3,333.33) to the victim's surviving spouse, and the remaining two-thirds ($6,666.66) to the victim's minor child.

However, to make distribution in this manner, we believe would impose an undue hardship on the mother. If the $10,000 award were paid to her in a lump sum, she would be holding $6,666.66 in trust for her minor child. Although she is guardian of her person, she would have no power to administer her estate, nor use its funds unless she is duly appointed guardian of the minor's estate as provided by law. *Perry* v. *Carmichael* (1880) *95 Ill.519.* After such appointment she would be required to manage her child's funds frugally under the direction of the appointing Court and present periodic accounts of her guardianship to such Court. She would also be responsible for Court costs and any legal expenses required in filing her petition for appointment, oath, surety bond, and accounts.

To obviate the necessity of the claimant being appointed guardian of her child's estate, and considering all other facts in this case, the Court believes that the best interest of the victim's family would be served by our ordering that this award be disbursed to the claimant in periodic monthly payments as authorized in Sec. 8(a)(4) of the Act. As the natural guardian of her minor child, the mother has a legal obligation to provide for her suitable support and education. In fulfilling this obligation, we believe she would necessarily be required to expend the proper amount from each monthly payment received hereunder for the care and nurture of her daughter as well as for her own necessities.

IT IS HEREBY ORDERED that the total sum of $10,000

be awarded to the claimant and her minor child, collectively, as persons who were dependent for their support on Richard J. Price, the deceased victim of a violent crime.

IT IS FURTHER ORDERED that the aforesaid award be paid to the claimant, Joan M. Price, in twenty (20) equal monthly installments of $500 each. The Court directs that said monthly payments shall be made from the Court of Claims Fund insofar as it is legally possible to do so.